IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2004 Session

## ROBERT STEVEN JOHNSON v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Appeal from the Circuit Court for Knox County**
**No. 1-106-98        Hon. Dale C. Workman, Judge**

---

**No. E2004-00250-COA-R3-CV  - FILED MARCH 9, 2005**

---

**OPINION**
**CONCURRING IN PART, DISSENTING IN PART**

I agree with both Judge Inman's and Judge Lee's Opinions that Tennessee Farmers Mutual Insurance Company was not entitled to a directed verdict in this case.

The Trial Court's instructions to the jury on the issue of bad faith is not a model of clarity and some of the supplemental special charges were appropriate.

The relationship between the insurer and the insured is purely a contractual relationship, and the contract gives rise to a duty of acting in perfect good faith on the part of each party to the contract. The equitable doctrine of good faith and fair dealing applies in full force to insurance contracts. Clearly, fraudulent conduct on the part of either party is a breach of the contract, and acting in bad faith is likewise a breach. I agree with Judge Inman's Opinion that the requested charges A, C and D as described in his Opinion should have been charged, but I disagree with his holding that special request B should have been charged. This request places too much emphasis on fraud and tends to obliterate the distinction between fraud and bad faith.

Finally, I agree with Judge Inman's Opinion that it was error for the Trial Court to comment on the evidence, which was in violation of the constitutional mandate to all trial courts when trying a case before a jury.

I concur in remanding this case for a new trial on the issues.

---

HERSCHEL PICKENS FRANKS, P.J.